UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CV-61288-COOKE
HONORABLE MARCIA G. COOKE

THE STEPHAN CO.,

    Plaintiff,

vs.

COLGATE PALMOLIVE CO.,

    Defendant.

_____/

**PLAINTIFF THE STEPHAN CO.'S RESPONSE TO DEFENDANT COLGATE PALMOLIVE CO.'S MOTION TO DISMISS, MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, The Stephan Co. (hereinafter "Stephan"), hereby responds and opposes the Defendant Colgate Palmolive Co.'s (hereinafter "Colgate") Motion to Dismiss First Amended Complaint and Incorporated Memorandum of Law (hereinafter "Motion"). Colgate has essentially filed the same motion to dismiss that it filed prior to Stephan amending its Complaint. Even though the motion is twenty pages long, Colgate's motion can be summarized in one sentence. Colgate argues that Stephan's First Amended Complaint ("Complaint") should be dismissed, with prejudice because: 1.) the complaint is so vague that it does not state a claim and 2.) Stephan failed to join indispensable parties. Nothing could be further from the truth. Colgate argument is specious and without foundation. Plaintiff has adequately pled all the requisite facts that support its claims of trademark infringement against Colgate Palmolive[1] and has joined all the indispensable parties

---

[1] Stephan has filed a three count complaint alleging that Colgate: 1.) infringed on its trademark, 2.) violated the federal unfair competition statute pursuant to 15 U.S.C. §1125 (a) and 3.) violated the 15 U.S.C. § 1124 by the illegal importation of good bearing infringing marks.

needed to adjudicate complete relief before this Court of which it had knowledge at the time of the filing of its First Amended Complaint. In any event, at this stage of the pleadings, Colgate is not entitled to a dismissal with prejudice as any alleged "defect" in the pleadings which can be corrected by adding more facts - - although it is respectfully submitted that an amendment for those purposes is unnecessary under the law. Moreover, based upon the Colgate's Declaration filed with its Motion to Dismiss that Colgate Palmolive S.A. De C.V. (hereinafter "Colgate Mexico"), an affiliated and related company of Colgate, is a necessary and thus an indispensable party to this action, Stephan, in the addition to asking this Court to deny the Motion to Dismiss on Substantive grounds, seeks leave to amend its First Amended Complaint to include that entity pursuant to Rule 15 (a)(2).[1] A proposed Second Amended Complaint is attached. Because the parties are in the early stages of this litigation, leave to amend should be granted as justice so requires and Colgate would not be prejudiced by such an amendment.

## STATEMENT OF FACTS

By way of background, Stephan filed its original Complaint in this matter on July 2, 2010 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. The Summons and Complaint were served on Colgate on or about July 9, 2010. Colgate filed a notice of removal to the District Court for the Southern District of Florida on July 23, 2010. On August 27, 2010, Colgate filed a Motion to Dismiss Stephan's Complaint after Stephan graciously consented to two extensions of time totaling 28 days within to answer or respond to such Complaint.

---

[1] Its appears as if Colgate's argument that Stephan has alleged insufficient facts is directed only to Count 1, trademark infringement.

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

Stephan's initial response to the Colgate's first Motion to Dismiss was due September 13, 2010. Stephan initially requested a 14 day extension of time to respond to Colgate's Motion to Dismiss so that the parties could discuss a possible settlement. Colgate agreed to that extension and this Court granted Stephan's first request for an extension of time on or about September 27, 2010.

During that time, Plaintiff's attorney was conferring with its client and discussing the possibility of amending the complaint to address one or more of the issues raised in Defendant's Motion to Dismiss so as to not waste this Court's valuable time and resources. Stephan's counsel contacted Colgate's attorney to request an additional extension of time through the end of that week so that Plaintiff could file an amended complaint pursuant to Fed. R. Civ. P. 15, which would address some of the issues raised in the Motion and render the Defendant's Motion to Dismiss moot. Despite the courtesy extended to Colgate's counsel, said counsel initially refused to consent to what should have been a perfunctory request to amend the complaint at this early stage of the proceedings and instead insisted that Stephan address the issues it raised in Colgate's motion to dismiss by filing a response to same. As a result, Stephan filed its First Amended Complaint on or about September 29, 2010 and ultimately did agree with Colgate to the entry of an Agreed Order with Colgate allowing Stephan leave to file it First Amended Complaint. Incredibly, Colgate completely mischaracterizes the above events in its Motion by falsely stating that Stephan conceded that its original complaint should be dismissed in its entirety. Instead, Stephan had chosen to voluntary amend its Complaint, had discussed this issue with Colgate's counsel and at no time made any of the admissions contained in Colgate's Motion to Dismiss. The sharp practice of Colgate's counsel should not be countenanced this Court. Perhaps, those New York attorneys admitted *pro hac vice*

in this Court and responsible for the filing of the within Motion to Dismiss are used to a different and more aggressive style of practice. This is unfortunate.

In response to the First Amended Complaint, Colgate has filed the exact same motion to dismiss[2] as it did earlier, even though Stephan addressed two of the key issues raised in the first motion to dismiss in its First Amended Complaint. Stephan has amended its pleading to include allegations that Colgate had first hand knowledge of the alleged infringement by correspondence sent to it by Stephan on April 23, 2009 and has added Organizacion Sahuayo, S.A. DE C.V (hereinafter "Sahuayo") as a party. Stephan joined all parties that is was then aware were involved in this infringement. This is enough to defeat Colgate's Motion to Dismiss. Apparently, these allegations in the First Amended Complaint were not reviewed by Colgate's counsel.

More specifically, Stephan's concise and well pleaded First Amended Complaint states the following:

1. Stephan acquired the trademark rights to the Wildroot® trademark in the U.S., including certain business assets and accompanying goodwill, from Colgate on or about January 1, 1995 and Stephan currently uses the Wildroot® trademark in commerce in the U.S. (See First Amended Complaint, Docket Entry 23, (hereinafter "Complaint") ¶ 7.

---

[2] Colgate has filed a declaration with its Motion. However, the facts presented in the declaration are outside of the face of the First Amended Complaint and cannot be considered by this Court. See Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir.1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). In any event, if such an alleged flaw was fatal and could not be rectified by amendment, Colgate should have never agreed to allow Stephan to amend its Complaint in the first place.

2. The Wildroot® trademark is distinctive and has been used in connection with the sale of hair care products by Stephan's predecessor since at least 1932. (See Complaint, ¶ 14).

3. The Wildroot® trademarks and the goodwill associated therewith are of inestimable value to Stephan. (See Complaint, ¶ 15).

4. Defendant Colgate sold the U.S. trademark rights in Wildroot®, together with certain business assets and the accompanying goodwill, to Stephan on or about January 1, 1995. (See Complaint, ¶ 16).

5. At the time of the sale, Colgate retained ownership rights to the Wildroot® trademark in Mexico and expressly or implicitly agreed that it had no rights to sell products bearing the Wildroot® trademark in the U.S. (See Complaint, ¶ 17).

6. Colgate has sold and continues to sell a product bearing the Wildroot® trademark in Mexico. (See Complaint, ¶ 18).

7. The Wildroot® product manufactured by Colgate for distribution by Colgate in the Mexican market is materially different from the genuine Wildroot® product sold by Stephan in that the packaging and labels are different, containing non-English language wording and instructions, and the product formulas are different as well. (See Complaint, ¶ 19).

8. Stephan subsequently discovered that several distributors and groceries, MEXICAN SUPERMARKET, INC., IMPORT MEX DISTRIBUTORS, INC., SECOBASA MEXICAN GROCERIES, INC. and SOUTH TEXAS GROCERY, LLP, were

buying Wildroot® from wholesale suppliers in Mexico and selling Wildroot® in the United States and in this District, illegally importing Colgate's Wildroot® product intended for sale in the Mexican market into the U. S. for resale by certain U.S. retail outlets, including Mexican Supermarket. (See Complaint, ¶ 20).

9. On or about November 2008, Stephan sued those entities in the matter entitled The STEPHAN COMPANY vs. MEXICAN SUPERMARKET, INC., IMPORT MEX DISTRIBUTORS, INC., SECOBASA MEXICAN GROCERIES, LLC and SOUTH TEXAS GROCERY, LLP, Case No. 08-61833 in the United States District Court, Southern District of Florida. (See Complaint, ¶ 21).

10. On or about January 26, 2009, a Stipulated Order of Permanent Injunction was entered against Defendant Import Mex Distributors, Inc., permanently enjoining that entity from infringing on Stephan's Wildroot® trademark. (See Complaint, ¶ 22).

11. On or about March 25, 2009, a Stipulated Order of Permanent Injunction was entered against Defendant Mexican Supermarket, Inc., permanently enjoining that entity from infringing on Stephan's Wildroot® trademark. (See Complaint, ¶ 23).

12. On or about August 25, 2009, Stipulated Order of Permanent Injunctions were entered against Defendants Secobasa Mexican Groceries, LLC and South Texas Grocery LLP permanently enjoining those entities from infringing on Stephan's Wildroot® trademark. (See Complaint, ¶ 24).

13. During that action, Stephan discovered that one of the entities, Secobasa Mexican Groceries, LLC was buying from a wholesaler in Mexico, Defendant

      ORGANIZACION SAHUAYO, who, upon information and belief, had knowledge of Stephan's Wildroot® trademark in the United States and sold Colgate's Wildroot® to these entities in the United States intentionally infringing Stephan's Wildroot® trademark. (See Complaint, ¶ 25).

14. Colgate was informed of this situation by correspondence dated April 27, 2009. (See Complaint, ¶ 26).

15. Upon information and belief Colgate has supplied, and continues to supply, its Mexican Wildroot® product to the Mexican market, to Defendant ORGANIZACION SAHUAYO, who Colgate knows or has reason to know is engaging in infringement of Stephan's Wildroot® as a result of Stephan's correspondence to it that these Mexican Wildroot® products are being illegally diverted to the U.S. by Defendant ORGANIZACION SAHUAYO and possibly other distributors and importers. (See Complaint, ¶ 27).

16. Upon information and belief, Colgate has actual knowledge of, or should have known, that certain retailers in the U. S. are selling illegally imported Wildroot® products diverted from the Mexican market, through ORGANIZACION SAHUAYO and Colgate, upon information and belief, is assisting those retailers of Wildroot® products in the U.S., namely Secobasa Mexican Groceries, LLC and others, to take advantage of an opportunity to illegally substitute Colgate's materially different Mexican Wildroot® product for Stephan's Wildroot® product. (See Complaint, ¶ 28).

17.     In view of the foregoing activities, Defendants are infringing upon Stephan's U.S. trademark rights in Wildroot®, and/or is intentionally contributing to and/or intentionally inducing and assisting the distributors as well as certain retailers to illegally import and infringe, dilute and otherwise unfairly compete with Stephan in the U.S. by importing and selling, or inducing the importation, sale and distribution of, infringing and/or counterfeit and/or illegal gray market goods bearing the trademark. (See Complaint, ¶ 29).

The facts alleged above are sufficient to prove its claims of that Colgate infringed on Stephan's Wildroot® trademark, violated the federal unfair competition statute pursuant to 15 U.S.C. §1125 (a) and violated the 15 U.S.C. § 1124 by the illegal importation of good bearing infringing marks. As a result, Colgate's Motion should be denied in its entirety.

## ARGUMENT

### I. STEPHAN HAS SUFFICIENTLY PLEAD ITS CLAIMS

Its incredible, based on the facts as alleged in the First Amended Complaint, that Colgate has now moved a second time to dismiss Stephan's pleading for failure to state a claim of trademark infringement.

In a motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir.1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. See Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949-50 (2009). [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (citation omitted). **To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face.** Id. at 570 (emphasis added). The factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

As stated in their Motion to Dismiss, to state a claim for contributory trademark infringement, Stephan must allege facts that would show that Colgate either (1) intentionally induced a third party to engage in direct infringement; or (2) continued to supply its product to one whom it knows or has reason to know is engaging in trademark infringement. Inwood Labs., Inc., v. Ives Labs, Inc., 456 U.S. 844, 854 (1982); Monsanto Co. v. Campuzano, 206 F. Supp. 2d 1271, 1274 (S.D. Fla. 2002) (citing Inwood); see also Optimum Techs, Inc. V. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1245 (11th Cir. 2007).

Stephan has sufficiently alleged in its First Amended Complaint that Colgate had knowledge that Sahuayo was infringing on Stephan's trademark and even after being notified of such actions, continued to supply Wildroot to Sahuayo. These facts are sufficient under Inwood and under Iqbal. Specifically, Stephan has alleged that it first started its search for the infringing parties when it discovered that Mexican Wildroot was being sold in a supermarket in its own backyard in Florida.

As a result, Stephan sued several entities, Mexican Supermarket, Inc., Import Mex Distributors, Inc., Secobasa Mexican Groceries, Inc. and South Texas Grocery LLP, who were all "buying Wildroot® from wholesale suppliers in Mexico and selling Wildroot® in the United States and in this District, illegally importing Colgate's Wildroot® product intended for sale in the Mexican market into the U. S. for resale by certain U.S. retail outlets." (See Complaint, ¶ 21).  Permanent Injunctions have previously been entered against all these entities to prevent them from infringing on Stephan's Wildroot trademark in the future. (See First Amended Complaint, ¶¶ 22-24).

It was during that action, that Stephan discovered that Secobasa Mexican Groceries, LLC was buying from a wholesaler in Mexico, Defendant ORGANIZACION SAHUAYO, who, upon information and belief, had knowledge of Stephan's Wildroot® trademark in the United States and had sold Colgate's Wildroot® to these entities in the United States thus intentionally infringing Stephan's Wildroot® trademark. (See First Amended Complaint, ¶ 25). This allegation specifically states that Sahuayo is responsible for selling Mexican Wildroot to entities in the United States.

Stephan then alleges in its First Amended Complaint that Colgate was informed of this situation by correspondence dated April 27, 2009.[3] (See First Amended Complaint, ¶ 26). This statement is not conclusory. Stephan has alleged in the paragraph prior, that Colgate, on April 27, 2009, had been informed, by Stephan, of the foregoing. The situation referred to is that Sahuayo, a distributor, had knowledge of Stephan's Wildroot trademark in the United States and continued

---

[3] Colgate was informed by Stephan of the situation with Sahuayo by correspondence serving a subpoena upon Colgate asking for any and all documents relative to Sahuayo, the known infringer, in Case No. 08-61833. Colgate never responded to the subpoena, and did not provide the documentation as requested.

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

to sell the Colgate Mexican Wildroot to Secobasa Mexican Groceries, LLC in the United States. The allegations provide a factual basis for 1.) who sent the correspondence, 2.) to whom the correspondence was sent, 3.) on which date it was sent and 4.) what was said in the correspondence. These factual allegations are sufficient to give rise to knowledge of the infringement to Colgate. See Iqbal, 129 S.Ct. at 1949-50.

Stephan further alleges that upon information and belief, Colgate has supplied, and continues to supply, its Mexican Wildroot® product to the Mexican market, to Defendant Sahuayo, who Colgate knows or has reason to know is engaging in infringement of Stephan's Wildroot® as a result of Stephan's correspondence to it that these Mexican Wildroot® products are being illegally diverted to the U.S. by Defendant Sahuayo. (See First Amended Complaint, ¶ 27). This is sufficient under both Iqbal and Inwood.

Stephan has alleged that Colgate, the owner of the rights to Wildroot® in Mexico, is supplying product to a known infringer and that it was informed of that on April 29, 2009 and continues to supply Wildroot® to the infringer. Whether or not Colgate or Colgate Mexico manufactured and/or supplied the Mexican Wildroot for sale in the United States is no matter here under these facts. An affiliate can be vicariously viable for trademark infringement to the extent that it has joint ownership or control over the infringing product. See RGS Labs Int'l, Inc., v. The Sherwin-Williams Co., 2010 WL 317778 (S. D. Fla) (upholding a vicarious liability trademark infringement claim on a motion to dismiss) see also David Berg & Co., v. Gatto Int'l Trading Co., 884 F.2d 306, 311 (7th Cir. 1989); Mini Maid Servs. Co. v. Maid Brigade Sys., Inc., 967 F.2d 1516, 1522 (11th Cir.1992) (doctrine could hold franchisor liable for infringing actions of its franchisee

when "franchisor explicitly or implicitly encouraged the trademark violations"); Hard Rock Café Licensing Corp. v. Concession Servs., Inc., 955 F.2d 1143, 1149 (7th Cir.1992) (landlord of flea market could be liable for its tenant's sale of an infringing product where the landlord is found to have been "wilfully blind" to the infringing acts). As alleged by Stephan and admitted by Colgate, Colgate itself retains ownership to the Wildroot trademark rights in Mexico. To the extent it was notified that its own affiliate, Colgate Mexico, was supplying product to a known infringer, it can be vicariously liable for such infringement. Nonetheless, based upon Colgate's Declaration, a request is made for leave to file a Second Amended Complaint adding Colgate Mexico as a party.

Stephan has plead sufficient facts in its First Amended Complaint to state a claim to relief that is plausible on its face. As a result, Colgate's Motion to Dismiss should be denied in its entirety.

## II. STEPHAN HAS ADDED ALL NECESSARY PARTIES

A motion to dismiss for failure to join indispensable parties is governed by the joinder requirements of Rule 19, which involves a two step process. 3A J.W. Moore & J.D. Lucas, Moore's Federal Practice 19.07-1[0] at 19-20 (2d ed. 1985). In Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118, 88 S.Ct. 733, 742 (1968), the Supreme Court determined that Rule 19 is not a mechanical formula. It is a flexible analysis of the facts pertaining to each case. The Court is vested with substantial discretion in making the determination. Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 75 (2d Cir.1984).

Stephan has added all necessary parties under Rule 19 to allow complete relief for all the existing parties. It knows of no other infringing parties at this time.[4] Stephan has alleged that Colgate has sold products to Sahuayo and that in turn Sahuaryo has sold products to Secobasa Mexican Groceries, LLC in the United States in violation of Stephan's trademark rights. Stephan has identified all direct infringers in that chain of events and as a result, complete relief can be awarded as is. See Swerhun v. General Motors Corp., 141 F. R.D. 342, 347 (M.D.Fla. 1992).

To the extent this Court determines and apparently Colgate insists that Colgate Mexico is a necessary party, it seeks leave to amend its First Amended Complaint to include this party. Pursuant to Fed.R.Civ.P. 15(a), a party seeking to amend its complaint ... after a responsive pleading has been filed, may amend the complaint 'only by leave of court of by written consent of the adverse party; and leave shall be freely given when justice so requires.' " Smith v. Sch. Bd. of Orange County, 487 F.3d 1361, 1366 (11th Cir.2007) (quoting Fed.R.Civ.P. 15(a)).  Rule 15(a) reflects a policy of "liberally permitting amendments"and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir.1984); see also Buckner v. Campbell, 2010 WL 4483431(S.D.Fla.).

Because of the Federal policy of liberally permitting amendments at this stage of the pleadings and since such amendment would not prejudice the other defendants in any way,[5] Stephan

---

[4] Colgate refers to two allegations in the complaint, in paragraphs 27 and 28. Paragraph 27 refers to "possibly others," not that there are other known infringers. Paragraph 28 refers to Secobasa and "others." That reference to "others" is to the other defendants already named in the prior case, Case No. 08-61833.

[5] Stephan is in the process of service Sahuayo in Mexico. Under Fed. R. Civ. Pro. 4 (m) Stephan has 120 days to complete service upon a domestic party (Sahuayo requires service in a

should be allowed to amend its pleadings to add Colgate Mexico as a party.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety and to permit Stephan to amend its pleadings to add Colgate Mexico as a party, and grant such other and further relief as to this Court may seem just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of November, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

Jonathan Galler, Esq.
Matthew Triggs, Esq.
Payal Salsburg, Esq.
Proskauer, Rose, LLP
2255 Glades Road
Suite 340 West
Boca Raton, Florida 33431

Brendan J. O'Rourke, Esq.
Gerald W. Sawczyn, Esq.
Dolores F. DiBella, Esq.
Adam Siegartel, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036

        **BERMAN, KEAN & RIGUERA, P.A.**
        Attorneys for the Plaintiff
        2101 W. Commercial Blvd.
        Suite 2800
        Fort Lauderdale, FL 33309
        Telephone: (954) 735-0000
        Facsimile: (954) 735-3636

---

foreign country). So far Stephan is well within that time limit.

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

By: _____ //s//Brian J McCarthy \_\_\_\_
Richard E. Berman
Florida Bar No.: 254908
Reb@bermankean.com
Brian J. McCarthy
Florida Bar No. 668710
Bjm@bermankean.com

\\Server-MS\REBData\ProlawDocs\Stephan Co., The\1718-003\Style\53160_2.wpd