UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CV-61288-COOKE
HONORABLE MARCIA G. COOKE

THE STEPHAN CO.,

     Plaintiff,

vs.

COLGATE PALMOLIVE CO.,
ORGANIZACION SAHUAYO, S.A. DE
C.V., COLGATE PALMOLIVE S.A. De
C.V.,

     Defendants.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, THE STEPHAN CO. (hereinafter "STEPHAN"), through its attorneys, BERMAN,

KEAN & RIGUERA, P.A., as and for its complaint against Defendant COLGATE PALMOLIVE

COMPANY (hereinafter "COLGATE"),  Defendant ORGANIZACION SAHUAYO, S.A. DE C.V

(hereinafter "ORGANIZACION SAHUAYO") and Defendant COLGATE PALMOLIVE S.A. De

C.V. (hereinafter "COLGATE MEXICO") (collectively "Defendants") alleges as follows:

### Parties

1.    Plaintiff Stephan is, and at all times material hereto has been, a corporation organized

under the laws of the State of Florida with its principal place of business located at

1850 West McNab Road, Fort Lauderdale, Florida 33309.

2.    On information and belief, Defendant Colgate is a corporation organized under the

laws of the State of Delaware, located in 300 Park Avenue, New York, NY 10022,

and is authorized to do business in the State of Florida.

**EXHIBIT**

tabbies®

A

3.     On information and belief, Defendant ORGANIZACION SAHUYOA is a corporation organized under Mexican law with its principal place of business located at Grupo Corvi, Pico De Tolima No. 29,  Jardines de la Montana, C.P. 14210, Mexico, D.F.

4.     On information and belief, Defendant Colgate Mexico is a corporation organized under Mexican law with its principal place of business located at Presa de La Angostura 225, Colonia Irrigacion, Mexico, 11500, Mexico

5.     Defendants are subject to the Court's jurisdiction and are using, selling and/or distributing, and/or intentionally contributing to and/or intentionally inducing, the use, sale and distribution of a product in this judicial district and elsewhere bearing a trademark which infringes upon and dilutes, and are a counterfeit of and/or are an illegally gray market import of, Stephan's federally registered Wildroot® trademarks and common law rights in Wildroot® and are unfairly competing with Stephan in the State of Florida.

6.     Venue is proper in this District pursuant to Florida Statutes § 47.011 as it is the place where a substantial part of the events or omissions giving rise to the claims occurred and a substantial part of the property that is the subject of this action is located

**Factual Background**

7.     Plaintiff Stephan is nationally and internationally known manufacturer and distributor of a wide range of hair care products, including those sold under the Wildroot® trademark.

8.      Stephan acquired the trademark rights to the Wildroot® trademark in the U.S., including certain business assets and accompanying goodwill, from Colgate on or about January 1, 1995 and Stephan currently uses the Wildroot® trademark in commerce in the U.S.

9.      Stephan continues to use, promote and advertise the Wildroot® mark for its goods, including through its website on the internet as well as through print promotion and advertising and has achieved and continues to maintain Wildroot®'s recognition in the trade as a result of goods sold in connection with the Wildroot® trademark.

10.     Stephan is the owner of two federal trademark registrations for Wildroot® namely, U.S. Registration Nos. 0299653 and 0136261, which constitute constructive use of the marks throughout the United States and constructive notice to Defendant of Stephan's rights in the Wildroot® trademark.

11.     Stephan conducts business using the Wildroot® trademarks in interstate commerce, including conducting business in the United States District Court, Southern District of Florida.

12.     There is a substantial demand for the goods and services associated with the Wildroot® trademarks and the goodwill and right to provide goods under the Wildroot® trademarks are valuable commercial property rights.

13.     Stephan promotes the goods it sells in connection with the Wildroot® trademarks in interstate commerce.

14.     The Wildroot® trademarks have significance in the minds of distributors, in the

trade and relevant consumers as denoting services coming from, affiliated with or sponsored by Stephan.

15.    The Wildroot® trademark is distinctive and has been used in connection with the sale of hair care products by Stephan's predecessor since at least 1932.

16.    The Wildroot® trademarks and the goodwill associated therewith are of inestimable value to Stephan.

17.    Defendant Colgate sold the U.S. trademark rights in Wildroot®, together with certain business assets and the accompanying goodwill, to Stephan on or about January 1, 1995.

18.    At the time of the sale, Colgate retained ownership rights to the Wildroot® trademark in Mexico and expressly or implicitly agreed that it had no rights to sell products bearing the Wildroot® trademark in the U.S.

19.    Colgate has sold and continues to sell a product bearing the Wildroot® trademark in Mexico together with Colgate Mexico, an affiliate manufacturing Wildroot® in Mexico.

20.    The Wildroot® product manufactured by Colgate Mexico for distribution in the Mexican market is materially different from the genuine Wildroot® product sold by Stephan in that the packaging and labels are different, containing non-English language wording and instructions, and the product formulas are different as well.

21.    Stephan subsequently discovered that several distributors and groceries, MEXICAN SUPERMARKET, INC., IMPORT MEX DISTRIBUTORS, INC., SECOBASA

MEXICAN GROCERIES, INC. and SOUTH TEXAS GROCERY, LLP, were buying Wildroot® from wholesale suppliers in Mexico and selling Wildroot® in the United States and in this District, illegally importing Colgate's Wildroot® product intended for sale in the Mexican market into the U. S. for resale by certain U.S. retail outlets, including Mexican Supermarket.

22.     On or about November 2008, Stephan sued those entities in the matter entitled The STEPHAN COMPANY  vs. MEXICAN SUPERMARKET, INC., IMPORT MEX DISTRIBUTORS, INC., SECOBASA MEXICAN GROCERIES, LLC and SOUTH TEXAS GROCERY, LLP, Case No. 08-61833 in the United States District Court, Southern District of Florida.

23.     On or about January 26, 2009, a Stipulated Order of Permanent Injunction was entered against Defendant Import Mex Distributors, Inc., permanently enjoining that entity from infringing on Stephan's Wildroot® trademark.

24.     On or about March 25, 2009, a Stipulated Order of Permanent Injunction was entered against Defendant Mexican Supermarket, Inc., permanently enjoining that entity from infringing on Stephan's Wildroot® trademark.

25.     On or about August 25, 2009, Stipulated Order of Permanent Injunctions were entered against Defendants Secobasa Mexican Groceries, LLC and South Texas Grocery LLP permanently enjoining those entities from infringing on Stephan's Wildroot® trademark.

26.     During that action, Stephan  discovered that one of the entities, Secobasa Mexican

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

Groceries, LLC was buying from a wholesaler in Mexico, Defendant ORGANIZACION SAHUAYO, who, upon information and belief, had knowledge of Stephan's Wildroot® trademark in the United States and sold Colgate's Wildroot® to these entities in the United States intentionally infringing Stephan's Wildroot® trademark.

27.    Colgate was informed of this situation by correspondence dated April 27, 2009.

28.    Upon information and belief Colgate, through Colgate Mexico, has supplied, and continues to supply, its Mexican Wildroot® product to the Mexican market, to Defendant ORGANIZACION SAHUAYO, who Colgate knows or has reason to know is engaging in infringement of Stephan's Wildroot® as a result of Stephan's correspondence to it that these Mexican Wildroot® products are being illegally diverted to the U.S. by Defendant ORGANIZACION SAHUAYO and possibly other distributors and importers.

29.    Upon information and belief, Colgate and Colgate Mexico, has actual knowledge of, or should have known, that certain retailers in the U. S. are selling illegally imported Wildroot® products diverted from the Mexican market, through ORGANIZACION SAHUAYO and Colgate and Colgate Mexico, upon information and belief, are assisting those retailers of Wildroot® products in the U.S., namely Secobasa Mexican Groceries, LLC and others, to take advantage of an opportunity to illegally substitute Colgate's materially different Mexican Wildroot® product for Stephan's

Wildroot® product.

30.    In view of the foregoing activities, Defendants are infringing upon Stephan's U.S. trademark rights in Wildroot®, and/or is intentionally contributing to and/or intentionally inducing and assisting the distributors as well as certain retailers to illegally import and infringe, dilute and otherwise unfairly compete with Stephan in the U.S. by importing and selling, or inducing the importation, sale and distribution of, infringing and/or counterfeit and/or illegal gray market goods bearing the trademark.

## COUNT I
### (Registered Trademark Infringement) (15 U.S.C. § 1114)

31.    Stephan repeats and realleges all of the allegations contained in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

32.    Stephan's federally registered Wildroot® trademarks are distinctive, have been used throughout the United States, and are well known to distributors in the trade and relevant consumers.

33.    The trade and relevant consumers associate and identify the Wildroot® trademarks with Stephan.

34.    Defendants' distribution, sale, and offering for sale, of goods in connection with the Wildroot® trademark constitutes false designation of origin or sponsorship of such goods and lends falsely to represent that Defendants' goods originate from Stephan

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

or that said goods have been sponsored, approved, authorized or licensed by Stephan

or are in some way affiliated or connected with Stephan or that Stephan's goods

originate from Defendants or are sponsored, approved, authorized or licensed by

Defendants. Defendants' conduct is likely to confuse, mislead, and deceive a not

insubstantial number of relevant consumers and distributors, retail outlets in the

trade, and other purchasers, and members of the public as to the origin of the goods

or to cause said persons to believe that the goods have been sponsored, approved,

authorized or licensed by Stephan or are in some way affiliated with Stephan, or that

Stephan's goods originate from Defendants or are sponsored or licensed by

Defendants all in violation of 15 U.S.C. § 1114.

35.   The actions of the Defendants have caused substantial damage to Stephan.

## COUNT II
## (Federal Unfair Competition) (15 U.S.C. § 1125(a))

36.   Stephan repeats and realleges the allegations contained in paragraphs 1 through 29

of this complaint as though the same were fully set forth herein.

37.   Stephan's Wildroot®  trademarks are distinctive, have been used throughout the

United States, and are well known to distributors in the trade and relevant consumers.

The trade and relevant consumers associate and identify the Wildroot®  trademark

with Stephan.

38.   Defendants' distribution, sale, and offering for sale, of goods in connection with the

Wildroot® trademark constitutes false designation of origin or sponsorship of such goods and tends falsely to represent that Defendants' goods originate from Stephan or that said goods have been sponsored, approved, authorized or licensed by Stephan or are in some way affiliated or connected with Stephan or that Stephan's goods originate from Defendants or are sponsored, approved, authorized or licensed by Defendants. Defendants' conduct is likely to confuse, mislead, and deceive a not insubstantial number of distributors and retail outlets in the trade, relevant consumers and other purchasers, and members of the public as to the origin of the goods or to cause said persons to believe that the goods have been sponsored, approved, authorized or licensed by Stephan or are in some way affiliated with Stephan or that Stephan's goods originate from Defendants or are sponsored or licensed by Defendants all in violation of 15 U.S.C. § 1125(a).

39.    The actions of the Defendants have caused substantial damage to Stephan.


## COUNT III
### (Illegal Importation of Goods Bearing  Infringing Marks in Violation of 15 U.S.C. § 1124

40.    Stephan repeats and realleges the allegations contained in paragraphs 1 through 29 of this complaint as though the same were fully set forth herein.

41.    Stephan has valuable goodwill in its federally registered Wildroot® trademark.

42.    On information and belief, Defendants, with full knowledge of the public's recognition of Stephan's Wildroot® trademark, has contributed to the importation

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

into the U.S. of articles of manufacture bearing a trademark which simulates a federally registered trademark and is calculated to induce the public to believe that the product was manufactured in the U.S.

43.     The actions of the Defendants have caused substantial damage to Stephan.

## PRAYER FOR RELIEF

WHEREFORE, Stephan demands:

1.     That Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, or corporations in active concert or participation with Defendants be enjoined and restrained preliminarily and permanently from:

a)     directly or indirectly infringing Stephan's Wildroot® trademarks in any manner, including on or in connection with the website on the internet and including generally, but not limited to engaging in services or distributing, advertising, selling or offering for sale and distribution any goods or services which infringe said marks;

b)     using marks, trade names, logos or designs that tend falsely to represent, or are likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public, that goods offered by Defendants originate from Stephan, or that said goods have been sponsored, approved, or licensed by or associated with Stephan or are in some way connected or affiliated with

Stephan;

c)    engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, or other members of the public to believe that the actions of Defendants are connected with Stephan, is sponsored, approved or licensed by Stephan, or in some way connected or affiliated with Stephan;

d)    affixing, applying, annexing or using in connection with Defendants' goods, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those offered or sold by Stephan;

e)    otherwise competing unfairly with Stephan in any manner; and

f)    diluting and infringing the aforementioned trademarks and damaging Stephan's goodwill, reputation, and business.

2.    That Defendants be required to deliver for destruction to Stephan's counsel all copies and reproductions in its possession or under its control of any goods and promotional and advertising material, and any other unauthorized items which reproduce, copy, counterfeit, imitate, bear or use the Wildroot® trademarks.

3.    That Defendants be required to account for and to pay to Stephan all of Defendants' profits and all of Stephan's damages resulting from Defendants' infringing and unfair activities.

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

4.    That Stephan recover from Defendants its costs of this action, reasonable counsel

      fees, and prejudgment interest.

5.    That Stephan recover from Defendants punitive damages.

6.    That Stephan have all other and further relief as this Court may deem just and

      proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of November, 2010, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of

electronic filing to the following:

Jonathan Galler, Esq.                        Brendan J. O'Rourke, Esq.
Matthew Triggs, Esq.                         Gerald W. Sawczyn, Esq.
Payal Salsburg, Esq.                         Dolores F. DiBella, Esq.
Proskauer, Rose, LLP                         Adam Siegartel, Esq.
2255 Glades Road                             Proskauer Rose, LLP
Suite 340 West                               1585 Broadway
Boca Raton, Florida 33431                    New York, NY 10036

                        **BERMAN, KEAN & RIGUERA, P.A.**
                        Attorneys for the Plaintiff
                        2101 W. Commercial Blvd.
                        Suite 2800
                        Fort Lauderdale, FL 33309
                        Telephone: (954) 735-0000
                        Facsimile: (954) 735-3636


                        By:_____//s//Richard E. Berman____
                              Richard E. Berman
                              Florida Bar No.: 254908

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

Reb@bermankean.com
Brian J. McCarthy
Florida Bar No. 668710
Bjm@bermankean.com