**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-CV-61288-COOKE/BANDSTRA**

THE STEPHAN CO.,

      Plaintiff,

         vs.

COLGATE-PALMOLIVE COMPANY and
ORGANIZACION SAHUAYO, S.A. DE C.V.,

      Defendants.

_____

**DEFENDANT COLGATE-PALMOLIVE COMPANY'S**
**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO**
**DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

December 9, 2010

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................1

ARGUMENT ....................................................................................................................4

I.     Stephan's Vague And Conclusory Allegations Cannot Support A Claim Under
Fed. R. Civ. P. 12(b)(6)........................................................................................4

II.    The Amended Complaint Fails To Comply With The Particularity Requirement
Of Fed. R. Civ. P. 9(b) .........................................................................................9

III.   In Violation Of Fed. R. Civ. P. 19(b), Stephan Has Not Joined Indispensable Parties .......9

CONCLUSION.................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) ............................................................................4

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...........................................................................4, 5

*Davis v. McCabe,*
No. 3:09-CV-335-HEH, 2010 U.S. Dist. LEXIS 96352 (E.D. Va. Sept. 14, 2010) ................7

*Focus on the Family v. Pinellas Suncoast Transit Auth.,*
344 F.3d 1263 (11th Cir. 2003) ...........................................................10

*Hinton v. Trans Union, LLC,*
654 F. Supp. 2d 440 (E.D. Va. 2009) .......................................................7

*Moret v. Select Portfolio Servicing, Inc.,*
No. 08-61996-CIV, 2009 WL 1288062 (S.D. Fla. May 6, 2009) (Cooke, J.) .........................8

*Sembler v. Attention Funding Trust,*
No. 07-CV-2493 (RJD) (LB), 2009 WL 3055347 (E.D.N.Y. Sept. 24, 2009) ....................7, 8

*White-Spunner Constr. Co. v. Zurich Am. Ins., Inc.,*
2010 U.S. Dist. LEXIS 90339 (S.D. Ala. Aug. 30, 2010) ......................................10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9 ............................................................................9

Fed. R. Civ. P. 12 ................................................................3, 6, 7, 11

Fed. R. Civ. P. 15(a) .......................................................................2

Fed. R. Civ. P. 19 .......................................................................9, 10

S.D. Fla. L.R. 7.1(c) .......................................................................1

## PRELIMINARY STATEMENT

The Stephan Company ("Stephan") presents nothing in its opposition papers that calls into question Colgate-Palmolive Company's ("Colgate's") assertions that the First Amended Complaint (the "Amended Complaint") should be dismissed with prejudice because it fails to state a claim, and because Stephan has failed to join indispensable parties. Stephan's opposition papers are saturated with hyperbole that is not only factually inaccurate, but irrelevant. Instead of trying to rebut Colgate's legal arguments – for example, Stephan completely ignores Colgate's cited caselaw that establishes that conclusory allegations regarding "correspondence" fail to comply with the recent *Iqbal* and *Twombly* decisions – Stephan resorts to name calling and insults. However, Stephan's contention that Colgate is litigating solely via hardball tactics is indefensible, and Stephan has nobody to blame but itself for its predicament. Consider the following:

- After Colgate moved to dismiss Stephan's initial complaint in late August 2010, Colgate consented to Stephan's request for a 2-week extension for its opposition papers. Even with two extra weeks, however, Stephan missed its deadline and made no opposition filing whatsoever. *Stephan did not even file its opposition to the instant motion on time.* In accordance with the local rules, Stephan's opposition papers were due on November 26. Stephan, however, filed its opposition three days late, on November 29. Under the local rules, this fact standing alone is sufficient cause for granting Colgate's motion. *See* S.D. Fla. L.R. 7.1(c) ("Failure to [timely serve opposition papers] may be deemed sufficient cause for granting the motion by default").

- Stephan's inability to file papers on time is a recurring theme. Instead of opposing Colgate's initial motion, Stephan filed an Amended Complaint. Not only was this filing after Stephan's opposition deadline, but it was also after the deadline for amended pleadings under Fed. R. Civ. P. 15(a)(1)(B)-(a)(2). In its opposition papers (at 3), Stephan claims that it sought

an extension for its Amended Complaint and Colgate refused.  Stephan, however, conveniently neglects to tell the Court that (1) Stephan did not seek this extension until *after* its deadlines for opposition papers *and* amended pleadings had already passed, (2) after Stephan's opposition deadline passed, it was *Colgate that contacted Stephan* to inquire about the status of Stephan's response, and (3) it was only after Colgate contacted Stephan that Stephan for the first time raised the possibility of amending its complaint.

- Despite all of this, Stephan implies (*id.*) that Colgate still should have consented to an extension for Stephan's Amended Complaint due to the parties' settlement discussions.  Once again, Stephan insincerely recites the background facts to this Court, and omits that, at the time that Stephan requested an extension for its Amended Complaint, Stephan had been promising Colgate for almost two months – since early August – that it would provide factual documentation substantiating its claims.  To this day, approximately four months after promising such materials, Stephan has not provided a shred of this purported documentation.

- Stephan's description of the parties' joint motion that resolved Colgate's prior motion to dismiss is untenable and squarely contradicted by the express terms of that motion.  In an effort to avoid motion practice to strike Stephan's untimely Amended Complaint, counsel for Colgate and Stephan agreed to file a joint motion in which the parties moved for an order "granting in full Colgate's motion to dismiss Stephan's complaint in its entirety," without prejudice and with leave to amend.  [DE 25 at 1, 3.]  In like fashion, the parties' proposed order sought that "Colgate's motion to dismiss Stephan's Complaint is hereby granted in full and Stephan's Complaint is dismissed in its entirety."  It is preposterous for Stephan to argue, as it does in its opposition papers (at 3), that Stephan did not concede that its original complaint should be dismissed in its entirety.  Ultimately, in accordance with the parties' clear wishes, this

2

Court ordered that Colgate's motion be granted "in full and Stephan's Complaint is dismissed in its entirety," without prejudice and with leave to amend.  [DE 26]

In addition to its hyperbole and unwillingness to address Colgate's substantive motion, Stephan's opposition papers are also marked by Stephan's decision to simply copy and paste broad swaths of text lifted from its Amended Complaint for pages on end (e.g., at 4-8). Of course, Stephan's decision to repeat its same allegations over and over again will not transform these insufficient allegations into something that complies with the Federal Rules. Stephan also criticizes Colgate repeatedly (at 1, 4, 8) for purportedly filing the same motion to dismiss twice.  The fact that Colgate has been compelled to move a second time to dismiss Stephan's complaint for failure to state a claim and join indispensable parties, however, is not a sign of any weakness in Colgate's position, but rather simply a function of Stephan's repeated failure to adequately plead its claims and name the necessary parties in the first place.[1]

In sum, although Stephan has tried to cloud the issues with a host of irrelevant and inaccurate arguments, it has failed to address that which truly matters, namely, that Stephan's Amended Complaint – just like its initial complaint – is inadequate and defective.  Accordingly, and especially in light of the dilatory manner in which Stephan has prosecuted this case, the Amended Complaint should be dismissed with prejudice.  Stephan has had several opportunities

---

[1] It is also not accurate that Colgate's pending motion is simply a carbon copy.  As discussed in Colgate's current moving papers (at 2, 6-7), Stephan completely changed its story in its Amended Complaint regarding the basis for Colgate's alleged knowledge of the supposed unlawful importation of lawful Mexican WILDROOT product.  In its initial complaint (at ¶ 21), Stephan alleged without support that Colgate had knowledge based on the quantities of WILDROOT product that Colgate was selling in Mexico.  In its Amended Complaint (at ¶ 26), Stephan replaced that story with the completely new position that Colgate had the necessary knowledge because "Colgate was informed of this situation by correspondence dated April 27, 2009."  The end result is the same, namely, Stephan's allegations remain too vague and speculative to survive Rule 12 scrutiny.  In its new motion, however, Colgate addresses Stephan's new story, not its old one. Similarly, Colgate's instant motion addresses why the Amended Complaint's inclusion of one alleged direct infringer does not cure Stephan's defects regarding indispensable parties, a completely new issue.  Finally, Stephan's argument that Colgate filed the same motion twice is curious considering Stephan's prior concession in the parties' joint motion that Colgate's prior motion should be granted in full.

to present a complaint that complies with the Federal Rules, and its "bit by bit" approach and repeated inability to do so is prejudicial to Colgate, contrary to judicial economy, and should not be permitted to continue.[2]

## ARGUMENT

**I.      Stephan's Vague And Conclusory Allegations Cannot Support A Claim Under Fed. R. Civ. P. 12(b)(6)**

As explained above and in Colgate's initial moving papers, Stephan has abandoned its "quantities" theory and now claims in its Amended Complaint (at ¶ 26) that Colgate knew or should have known that alleged unlawful importation was occurring of lawful Mexican WILDROOT product because "Colgate was informed of this situation by correspondence dated April 27, 2009." That single line forms the entire factual predicate for Stephan's contributory infringement claims, and yet it is so vague and conclusory that it cannot possibly permit the necessary reasonable inferences to be drawn to survive dismissal under the pleading standards articulated by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

The little that Stephan does say in opposition does nothing to salvage Stephan's defective claims. Stephan points to no additional allegations in the Amended Complaint besides this single line that concern the "knowledge" issue and that could reasonably support the proposition that Colgate knew or should have known of alleged third-party direct infringement. Although

---

[2] In addition to opposing Colgate's motion, Stephan moved for leave to file a Second Amended Complaint. [DE 29 and 30, respectively] Colgate will timely file its opposition to Stephan's motion in due course. Suffice to say, however, that the defects that plague Stephan's Amended Complaint have not been cured. For example, the Second Amended Complaint includes the same identical paltry line, with no additional detail whatsoever, regarding the alleged April 2009 "correspondence" that supposedly provided the basis for Colgate's knowledge of the alleged unlawful importation of Mexican WILDROOT product. Furthermore, although Stephan admits in its opposition (at 2) that it has filed its Second Amended Complaint so that it can name Colgate-Palmolive S.A. De C.V. ("Colgate Mexico") as a defendant, Colgate's instant motion concerns the many reasons why Stephan's claims *against Colgate* should be dismissed. These reasons remain in full force, regardless of Stephan's alleged newfound desire to litigate against Colgate Mexico.

Stephan devotes four pages of its opposition brief to copying and pasting seventeen paragraphs from its Amended Complaint (at 4-8, 10-11), Stephan's copied and pasted text does not address the "knowledge" issue and cannot rehabilitate the single line quoted above.  Accordingly, a claim against Colgate cannot lie.

As Colgate explained in its moving papers (at 10-11), and as Stephan concedes in its opposition (at 9), a claim for contributory trademark infringement requires the allegation of **facts** that would show that Colgate either (1) "intentionally induced" a third party to engage in direct infringement, or (2) continued to supply its product to one whom it "knows or has reason to know" is engaging in direct infringement.  And, as Stephan also acknowledges (at 8-9), "the court is not bound to accept conclusory statements of the elements of a cause of action," and a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (cited in Opp. at 9.)  Although Stephan (at 8) culminates its copying and pasting with the blanket conclusion that its allegations "are sufficient to prove its claims," Stephan has failed to allege the necessary predicate of any valid pleading, namely, facts "sufficient 'to raise a right to relief above the speculative level,'" *Twombly*, 550 U.S. at 555. Accordingly, Stephan's claims against Colgate must be dismissed.

With respect to the first potential circumstance that could constitute actionable contributory infringement (intentional inducement), Colgate previously explained that Stephan's Amended Complaint simply recites the formulaic "intentionally induced" language without providing any facts to support a claim that Colgate induced a third party to directly infringe the WILDROOT trademark.  (Moving Mem. at 11.)  Stephan offers no genuine opposition to this point.

With regard to the second potential circumstance, Colgate has demonstrated that the Amended Complaint is devoid of any factual support that Colgate knew or should have known

that direct infringement was occurring based on alleged April 2009 correspondence (*id.* at 8-14). As emphasized in Colgate's moving papers (*id.* at 3, 7, 12), the Amended Complaint provides no details concerning, for example, the supposed author or intended recipient of the correspondence, the means of supposed transmission, or the supposed content of this correspondence, rendering it impossible for the necessary inferences to be drawn to support Stephan's claims that Colgate is supplying Mexican WILDROOT product to third parties with knowledge of direct infringement.[3]

Stephan's only response is stating for the first time, in a fleeting footnote (at 10 n.3), that the alleged April 2009 correspondence was "correspondence serving a subpoena upon Colgate asking for any and all documents relative to Sahuayo" in connection with a prior lawsuit that was cited in the Amended Complaint.  In this prior suit, Stephan charged four third-party distributors and groceries – *but not Sahuayo* – with direct infringement.  Stephan's new statement regarding an alleged subpoena is vague and imprecise, and yet it is the only factual support that Stephan can muster for its claim that Colgate had notice of the alleged importation by Sahuayo, a defendant in the current litigation, but again, *not* in the prior suit.[4]  Stephan does not attach a copy of the alleged correspondence to its opposition – and of course this subpoena is not mentioned in the Amended Complaint, the operative pleading for this motion.  Stephan admits, however (*id.*), that "Colgate never responded to the subpoena, and did not provide the documentation as requested," an allegation that, if true, directly calls into question any "knowledge" that could reasonably be imputed to Colgate based on its alleged receipt of the subpoena.

Stephan's omission of additional details concerning this "correspondence" that forms the basis for its claims against Colgate is in blatant disregard of Stephan's obligations under Rule 12.

---

[3] To be clear, the inclusion of such details in Stephan's complaint would not necessarily survive Rule 12 scrutiny.  However, the absence of such details necessarily indicates that the Amended Complaint is inadequate and must be dismissed.

[4] Sahuayo is shorthand for defendant Organizacion Sahuayo, S.A. de C.V.

6

As Colgate has demonstrated, similarly vague and amorphous allegations regarding "correspondence" have been rejected following the *Iqbal* and *Twombly* decisions for failure to satisfy Rule 12's pleading standards.  *See Davis v. McCabe*, No. 3:09-CV-335-HEH, 2010 U.S. Dist. LEXIS 96352, at *7 (E.D. Va. Sept. 14, 2010); *Sembler v. Attention Funding Trust*, No. 07-CV-2493 (RJD) (LB), 2009 WL 3055347, at *2-3 (E.D.N.Y. Sept. 24, 2009); *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (cited in Colgate's Moving Mem. at 12).  Stephan does not address these decisions at all.  Instead, it completely ignores these holdings that show plainly that the Amended Complaint lacks the necessary factual support to survive dismissal.

The shortcomings regarding this alleged subpoena do not end there.  It is also not clear from Stephan's footnote whether Stephan is claiming that the basis for Colgate's supposed knowledge of third-party infringement is a document that accompanied the alleged subpoena, or the alleged subpoena itself.  Nor does Stephan explain how or why a request for "any and all documents relative to Sahuayo" – which was not even a named defendant in that prior litigation – should have charged Colgate with knowledge that direct infringement was occurring as a result of Colgate's actions.  For example, Stephan has never alleged that Colgate had direct contacts with any of the named defendants in that prior lawsuit.

In sum, there is nothing but sheer speculation, and no plausible basis, for the allegation that Colgate was put on notice that the alleged third-party direct infringement was occurring.  Even after being squarely charged by Colgate's motions to provide more detail, Stephan has inexcusably persisted in its failure to provide any information concerning what the alleged correspondence said, who supposedly sent it, to whom it was supposedly sent, and how it was supposedly transmitted.[5]  Instead, all that Stephan has done is present a single vague allegation

_____

[5] As mentioned above, and as will be addressed in greater detail in Colgate's forthcoming opposition to

regarding an April 2009 "correspondence," followed by perfunctory legal conclusions.  It is not Colgate's or this Court's responsibility to fill in the missing facts and plead Stephan's claims for it.  It is Stephan's burden, which it has failed to satisfy.  *See, e.g.*, *Sembler*, 2009 WL 3055347, at *2-3 (plaintiff's allegation that defendants' communications "contained various threats and warnings" without identifying the "approximate number, date and content" failed "to raise his claims above the speculative level").[6]

Stephan contends (at 9) that the Court "should assume [the] veracity" of its allegations.  But, as this Court has recognized, this "does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels." *Moret v. Select Portfolio Servicing, Inc.*, No. 08-61996-CIV, 2009 WL 1288062, at *1 (S.D. Fla. May 6, 2009) (Cooke, J.).  That, however, is all that Stephan has done.  Because it is impossible that Stephan's alleged facts could give rise to *any* inference, much less a plausible one, that Colgate possessed the requisite knowledge to be liable for any trademark violation, Stephan's claims against Colgate are facially deficient and should be dismissed with prejudice pursuant to Rule 12(b)(6).[7]

---

Stephan's leave to amend motion, additional details are also *not* provided in Stephan's proposed Second Amended Complaint.  Furthermore, in a November 8, 2010 letter to Stephan's counsel, Colgate's counsel asked that it be provided with a copy of the alleged April 2009 correspondence that is referenced in the Amended Complaint.  On November 13, Stephan's counsel responded and agreed to provide this correspondence.  It is now almost four weeks later and the correspondence has not been provided.

[6] Even were this subpoena referenced in the Amended Complaint, and it is not, the absence of any details concerning the alleged correspondence's content is fatal to Stephan's claims.  Furthermore, as a matter of basic logic, a mere *subpoena duces tecum* seeking documents relating to Sahuayo in connection with a pending litigation to which Sahuayo was not even a party, and which by its very nature involved unresolved and pending claims and defenses, could not possibly constitute a plausible factual basis to infer that Colgate had knowledge of alleged third-party direct infringement resulting from Colgate's actions.  In this regard, *see* initial Colgate moving papers at 11 and cases cited therein, regarding proper "knowledge" standard.

[7] Stephan's speculation in its opposition (at 1-2 n.1) that Colgate's arguments apply only to the first of Stephan's three counts (federal trademark infringement) is incorrect, and Stephan's defects apply to its latter two federal trademark counts as well (unfair competition and illegal importation of goods with infringing marks).  Furthermore, not only is the federal unfair competition claim equivalent to the federal infringement claim, but Stephan has also not included any factual allegations that support Colgate's alleged importation of lawful Mexican WILDROOT product into the United States.  As for Stephan's arguments

## II.   The Amended Complaint Fails To Comply With The Particularity Requirement Of Fed. R. Civ. P. 9(b)

Colgate explained in its opening brief (at 14-15) that because Stephan's allegations sound in fraud, Stephan's allegations must comply with the heightened pleading standards of Rule 9(b), which they fail to do.  Stephan offers no opposition and thus concedes it.  Indeed, Stephan does not mention Rule 9(b) *anywhere* in its papers.  Accordingly, dismissal is also warranted on this basis.

## III.   In Violation Of Fed. R. Civ. P. 19(b), Stephan Has Not Joined Indispensable Parties

The underlying premise of Stephan's Amended Complaint is that Stephan's WILDROOT trademark is being infringed by the importation and distribution of Mexican WILDROOT product in the United States.  However, because Stephan concedes that Colgate's production and sale of WILDROOT product in Mexico is lawful, complete relief may not be awarded as long as the alleged direct infringers are not named defendants.  Although Stephan has named one alleged Mexican wholesaler (Sahuayo) who purportedly sold Mexican WILDROOT product to one U.S. retailer, Stephan has *not* alleged that Sahuayo is the only entity responsible for the illegal importation, *or* even responsible for the sale of Mexican WILDROOT product to each U.S. retailer listed by Stephan in its Amended Complaint as alleged unlawful sellers.  In fact, as discussed in Colgate's initial motion (at 5, 16), the Amended Complaint indicates the exact opposite.  Under these facts, complete relief may not be awarded and dismissal is warranted.

Stephan barely responds to Colgate's "indispensable party" arguments (at 4-5, 15-20), and it is not necessary to repeat them.  All that Stephan claims in opposition (at 13) is that Rule 19 is satisfied because Stephan has named the allegedly infringing parties that it knows about (Stephan

---

regarding an affiliate being potentially vicariously liable for trademark violations (at 11-12), even if true (and that legal standard is not at issue here), this is still a red herring.  Not only is Colgate Mexico not a party to this litigation, but Stephan itself concedes (at 12) that Colgate's liability is only "to the extent it was notified" of violations.  For all of the reasons discussed, Stephan's sole allegation regarding such notification is conclusory, speculative, and does not comport with Fed. R. Civ. P. 12.

9

also concedes Sahuayo is still not served despite the Amended Complaint being filed approximately two months ago).  Even if Stephan's statement were true, however, Rule 19 is not dependent on plaintiff's state of mind.  Rather, Rule 19 is governed by objective criteria, in this case that an adequate judgment cannot be rendered because complete relief may not be awarded.  *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003) (determination of whether party is indispensable is governed by Rule 19 two-part test); *White-Spunner Constr. Co. v. Zurich Am. Ins., Inc.*, 2010 U.S. Dist. LEXIS 90339, at *11 (S.D. Ala. Aug. 30, 2010) ("A necessary party is one described by Rule 19(a)"); Fed. R. Civ. P. 19 advisory committee's note (2007) (whether party is "indispensable" is "reached by applying the tests of Rule 19(b)").

Furthermore, although Stephan argues (at 13) that it is sufficient to name all direct infringers in a distribution chain, Stephan ignores Colgate's point from its moving papers (at 17 n.7) that Colgate's lawful use of the WILDROOT trademark in Mexico distinguishes this case from the general doctrine that any member of a distribution chain can be sued as an alleged joint tortfeasor without naming other parties.  Because WILDROOT product sales in Mexico are legal, not every member of the distribution chain is an infringer.  To the contrary, for Mexican WILDROOT product to infringe, such product, *inter alia*, must be distributed and/or sold in the U.S.  Thus, the parties allegedly engaging in this U.S. distribution are necessary to this action.  As currently constituted, Stephan has omitted necessary parties and the Amended Complaint must be dismissed.

## **CONCLUSION**

For the reasons above and in Colgate's initial papers, Colgate respectfully requests that the Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7), with prejudice.

Dated:  December 9, 2010

                              PROSKAUER ROSE LLP


                              By: s/Payal Salsburg
                                   Matthew Triggs, Esq.
                                   Florida Bar No. 0865745
                                   Payal Salsburg, Esq.
                                   Florida Bar No. 0057038

                              2255 Glades Road, Suite 421 Atrium
                              Boca Raton, FL 33431
                              (561) 241-7400

                              Brendan J. O'Rourke, Esq. (*pro hac vice*)
                              Adam D. Siegartel, Esq. (*pro hac vice*)
                              Gerald W. Sawczyn, Esq. (*pro hac vice*)
                              Dolores DiBella, Esq. (*pro hac vice*)
                              1585 Broadway
                              New York, New York 10036
                              (212) 969-3000


                              *Attorneys for Defendant*
                              *Colgate-Palmolive Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Payal Salsburg, an attorney associated with the law firm Proskauer Rose LLP, hereby certifies that on December 9, 2010, caused a true and correct copy of Defendant Colgate-Palmolive Company's Reply Memorandum Of Law In Further Support Of Motion To Dismiss Plaintiff's First Amended Complaint to be served via ECF upon the counsel for plaintiff, Richard E. Berman, Esq., Berman, Kean & Riguera, P.A., 2101 W. Commercial Blvd., Suite 2800, Fort Lauderdale, FL 33309.

Dated:  December 9, 2010

     s/Payal Salsburg   <br>
    Payal Salsburg