UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CV-61288-COOKE
HONORABLE MARCIA G. COOKE

THE STEPHAN CO.,

    Plaintiff,

vs.

COLGATE PALMOLIVE CO.,

    Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT COLGATE PALMOLIVE CO.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, The Stephan Co. (hereinafter "Stephan"), hereby replies to Defendant Colgate's Response in Opposition to Plaintiff's Motion for leave to amend its First Amended Complaint to include Colgate Mexico in its pleading pursuant to Rule 15 (a)(2). Stephan seeks leave to amend in the alternative, and stands by its arguments in its Opposition to Defendant's Motion to Dismiss, that Plaintiff's First Amended Complaint is factually sufficient and all necessary parties have been added. However, if this Court determines that the First Amended Complaint is not factually sufficient or that a necessary party must be joined, then because the parties are in the early stages of this litigation, leave to amend should be granted as justice so requires.

## INTRODUCTION

The Complaint in the matter was filed on or about July 23, 2010, just six months ago. Stephan filed its First Amended Complaint on or about September 29, 201, just three months later. No discovery has been conducted. The parties are in the early pleadings stages of the litigation.

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

Although , Colgate now opposes an amendment to the Complaint, Colgate <u>agreed</u> to the entry of an Order allowing Stephan leave to file it First Amended Complaint. That Order was entered on October 19, 2010. In that First Amended Complaint, Stephan amended its pleading to include allegations that Colgate had first hand knowledge of the alleged infringement by correspondence sent to it by Stephan on April 23, 2009 and has added Organizacion Sahuayo, S .A. DE C.V (hereinafter "Sahuayo") as a party. Stephan joined all parties of which it was then aware were involved in this infringement. This is sufficient to defeat Colgate's Motion to Dismiss. See Docket Entry No. 29.

However, in the event that this Court determines that Colgate Mexico is a necessary party to this litigation, Stephan seeks to add them as a party pursuant to Rule 15 by way of Motion filed on or about November 29, 2010.[1] The filing of this motion was well within the time frame to amend pleadings and add additional parties set forth in this Court's Scheduling Order of December 20, 2010. See Docket Entry No. 27. If this Court does not determine that Colgate Mexico is a necessary party, then Stephan's Motion for Leave to Amend will be considered moot and there will be no need to rule on this Motion.

## ARGUMENT

Rule 15(a) reflects a policy of "liberally permitting amendments"and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. <u>Espey v. Wainwright,</u> 734

---

[1] Stephan filed its Motion For Leave to Amend as an integral part of its Response to Defendant Colgate's Motion to Dismiss, in which Colgate requested that this Court dismiss with prejudice Stephan's First Amended Complaint. The positions taken in Colgate's Second Motion to Dismiss, see Docket Entry No. 28 and also in Colgate's Response in Opposition to Plaitniff's Motion For Leave to Amend, see Docket Entry No. 33, make it clear that any effort to obtain Colgate's consent to the Motion to Amend would be futile.

F.2d 748, 750 (11th Cir.1984); see also Buckner v. Campbell, 2010 WL 4483431(S.D.Fla.).

Because of the Federal policy of liberally permitting amendments at this stage of the pleadings and since such amendment would not prejudice defendants in any way, Stephan should be allowed to amend its pleadings to add Colgate Mexico as a party if Colgate Mexico is determined to be a necessary party.

Colgate argues that Stephan's Amendment is futile and should not be allowed. Stephan has plead that Colgate Mexico had actual knowledge of the infringement through its affiliate, Colgate Palmolive. See Ex. 1 to Docket Entry 29, Proposed Second Amended Complaint, ¶ 29. This is enough to defeat Colgate's motion to dismiss.

Colgate also argues that Stephan was dilatory throughout the litigation and as a result, Stephan's motion to amend should be denied and attorneys fees should be awarded. This is false. Colgate's argument that Stephan was dilatory is based upon the flawed proposition that Stephan was late in filing its First Amended Complaint and Stephan was also late in filing its Opposition to Colgate's Motion to Dismiss. This is incorrect. Colgate agreed to the filing of Stephan's First Amended Complaint so that Complaint is deemed timely and properly before this Court. Moreover, Colgate argues that Stephan was late in filing its Response in Opposition to Colgate's Motion to Dismiss. Colgate argues that Stephan's opposition was due on November 26, 2010, instead of November 29, 2010, when Stephan filed it. November 26, 2010 was the day after Thanksgiving and was a court ordered holiday by the Chief Judge of the Court, the Honorable Federico A. Moreno. See Order attached as Exhibit A. Because the United States District Court, Southern District of Florida was closed on November 26, 2010, Stephan's response was due on the next business day,

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

or November 29, 2010, the day Stephan filed its Response in Opposition. As a result, Stephan has not been late or dilatory during this litigation. Colgate has not been prejudiced, as this litigation is only in the early pleading stage and the complaint was only filed approximately 6 months ago. So far, neither party has served discovery. As a result, if Colgate Mexico is deemed to be a necessary party in this litigation, Stephan's Motion for Leave to Amend should be granted.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety or, in the alternative, to permit Stephan to amend its pleading to add Colgate Mexico as a party, and grant such other and further relief as to this Court may seem just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

Jonathan Galler, Esq.
Matthew Triggs, Esq.
Payal Salsburg, Esq.
Proskauer, Rose, LLP
2255 Glades Road
Suite 340 West
Boca Raton, Florida 33431

Brendan J. O'Rourke, Esq.
Gerald W. Sawczyn, Esq.
Dolores F. DiBella, Esq.
Adam Siegartel, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036

BERMAN, KEAN & RIGUERA, P.A.
Attorneys for the Plaintiff

**BERMAN, KEAN & RIGUERA, P.A.**
2101 W. Commercial Boulevard, Suite 2800, Ft. Lauderdale, Florida 33309 · Tel. (954) 735-0000 · www.bermankean.com  4

Stephan v. Colgate Palmolive
Case No.: 10-CV-61288-COOKE

2101 W. Commercial Blvd.
Suite 2800
Fort Lauderdale, FL 33309
Telephone: (954) 735-0000
Facsimile: (954) 735-3636


By: __//s/Richard E. Berman__
  Richard E. Berman
  Florida Bar No.: 254908
  Reb@bermankean.com
  Brian J. McCarthy
  Florida Bar No. 668710
  Bjm@bermankean.com

\\Server-MS\REBData\ProlawDocs\Stephan Co., The\1718-003\Style\54451.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADMINISTRATIVE ORDER 2010-126

IN RE:
**COURT OPERATIONS DURING HOLIDAYS**
_____/

FILED by UWM D.C.
OCT 14 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

The Administrative Office of the U. S. Courts has indicated that "a chief judge as agency head may designate an additional day as a holiday (excused absence)." Typical examples include a day specially designated as a holiday by the President or the Congress of the United States, or by local court order; or the day immediately before or after Christmas or Thanksgiving. Excused absence for a holiday is granted only for a specific date. Further,

Federal law (5 U.S.C. 6103) establishes public holidays for Federal employees. When a holiday falls on a nonworkday -- Saturday or Sunday -- the holiday usually is observed on Monday (if the holiday falls on Sunday) or Friday (if the holiday falls on Saturday). Further,

Both Christmas and New Year's Day fall on a Saturday, and the federal holiday for each will be observed on the Friday preceding each holiday. Based on the foregoing, it is hereby

**ORDERED and ADJUDGED** that the following holiday schedule will be in effect for the Southern District of Florida:

| | |
|---|---|
| Thursday, November 25, 2010 | Thanksgiving - Federal holiday |
| Friday, November 26, 2010 | Court closed for holiday - day after Thanksgiving |
| Friday, December 24, 2010 | Court closed for Christmas - Federal holiday |
| Friday, December 31, 2010 | Court closed for New Year's Day - Federal holiday |


EXHIBIT A

Administrative Order 2010-126
In re: Court Operations During Holidays
Page 2

It is also **ORDERED and ADJUDGED** that the Duty Judge and Duty Magistrate Judge will be responsible for carrying out that judge's duties, and the rules regarding judicial emergencies will continue to apply.

**DONE AND ORDERED** in Chambers in Miami, Miami-Dade County, Florida this 14th day of October, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies furnished to:
    Honorable Joel F. Dubina, Chief Judge, Eleventh Circuit
    All Southern District Judges and Magistrate Judges
    James Gerstenlauer, Circuit Executive, Eleventh Circuit
    Wifredo Ferrer, United States Attorney
    Neil DeSousa, Acting United States Marshal
    Kathleen Williams, Federal Public Defender
    Steven M. Larimore, Court Administrator • Clerk of Court
    Reginald Michael, Chief Probation Officer
    Library