UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-61288-COOKE/BANDSTRA

THE STEPHAN CO.,

    Plaintiff,

        vs.

COLGATE-PALMOLIVE COMPANY and
ORGANIZACION SAHUAYO, S.A. DE C.V.,

    Defendants.

---

**DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 11 AND INCORPORATED MEMORANDUM OF LAW**

January 24, 2011

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS .................................................................................................................. 3

ARGUMENT ........................................................................................................................................ 7

I.      RULE 11 SANCTIONS ARE WARRANTED HERE ...................................................... 7

          A.    Stephan's Claims Lack Evidentiary Support And Are Not Warranted By Existing Law. ................................................................................................................ 8

          B.    The Amended Complaint Is Part Of A Pattern Of Conduct Designed To Harass Colgate And Needlessly Increase The Cost Of Litigation. ........................ 11

          C.    Striking The Amended Complaint And Awarding Attorneys' Fees Are Appropriate Sanctions Under Rule 11. ..................................................................... 11

CONCLUSION .................................................................................................................................. 12

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Baker v. Alderman*,
   158 F.3d 516 (11th Cir. 1998) ...........................................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................................9

*Bernal v. All Am. Inv. Realty, Inc.*,
   479 F. Supp. 2d 1291 (S.D. Fla. 2007) ..............................................................................7

*Byrne v. Nezhat*,
   261 F.3d 1075 (11th Cir. 2001) ...................................................................................8, 10

*Donaldson v. Clark*,
   819 F.2d 1551 (11th Cir. 1987) .........................................................................................7

*F&G Research, Inc. v. Google, Inc.*,
   No. 06-60905-CIV, 2007 U.S. Dist. LEXIS 70072 (S.D. Fla. Sept. 20, 2007) .................8

*Footman v. Wang Tat Cheung*,
   341 F. Supp. 2d 1218 (M.D. Fla. 2004) ............................................................................8

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
   456 U.S. 844 (1982) ..........................................................................................................9

*Jones v. Int'l Riding Helmets, Ltd.*,
   49 F.3d 692 (11th Cir. 1995) .............................................................................................9

*Marin v. Alvarez*,
   No. 08-60821-CIV, 2009 U.S. Dist. LEXIS 124234 (S.D. Fla. Aug. 4, 2009) ...............10

*Massengale v. Ray*,
   267 F.3d 1298 (11th Cir. 2001) .........................................................................................7

*Monsanto Co. v. Campuzano*,
   206 F. Supp. 2d 1271 (S.D. Fla. 2002) .............................................................................9

*Moret v. Select Portfolio Servicing, Inc.*,
 No. 08-61996-CIV, 2009 WL 1288062 (S.D. Fla. May 6, 2009)...............................................9

*Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*,
 496 F.3d 1231 (11th Cir. 2007) ................................................................................................9

*Peer v. Lewis*,
 606 F.3d 1306 (11th Cir. 2010) ............................................................................................7, 8

*Sinaltrainal v. Coca-Cola Co.*,
 578 F.3d 1252 (11th Cir. 2009)................................................................................................9

*Watts v. Fla. Int'l Univ.*,
 495 F.3d 1289 (11th Cir. 2007) ................................................................................................9

*Worldwide Primates, Inc. v. McGreal*,
 87 F.3d 1252 (11th Cir. 1996) ....................................................................................7, 10, 11

**OTHER AUTHORITIES**

Fed. R. Civ. P 9(b) .........................................................................................................................10

Fed. R. Civ. P. 11................................................................................................................... passim

Fed. R. Civ. P. 12.............................................................................................................................7

Fed. R. Civ. P. 15(a) .......................................................................................................................5

Colgate-Palmolive Company ("Colgate") respectfully moves, pursuant to Fed. R. Civ. P. 11, for an award of sanctions against Plaintiff The Stephan Company ("Stephan") and its counsel, including striking the First Amended Complaint ("Amended Complaint" or "Cmplt."), with prejudice, and awarding Colgate its attorneys' fees and expenses incurred in moving against the Amended Complaint and filing this Motion.

## PRELIMINARY STATEMENT

This action, alleging contributory trademark infringement claims against Colgate, is a classic nuisance action. The filing of Stephan's most recent baseless complaint is the latest in a pattern of abusive and harassing acts committed in a transparent attempt to cause Colgate to spend time and money defending against a patently frivolous lawsuit, at the expense of this Court's and Colgate's time and resources. Consider the following examples:

- Stephan filed an initial complaint that it conceded was meritless after Colgate expended time and resources moving to dismiss that complaint. Stephan simply let its deadline to oppose Colgate's dismissal motion expire without filing any opposing papers, and subsequently acknowledged that Colgate's motion was meritorious and that dismissal of the deficient first complaint in its entirety was warranted.

- Stephan then filed *another* frivolous complaint. The centerpiece of Stephan's Amended Complaint is the allegation that Colgate allegedly knew or should have known of direct infringement by third parties because "Colgate was informed of this situation by correspondence dated April 27, 2009," but this paltry allegation is so vague and conclusory that it cannot possibly support a claim for contributory trademark infringement under any objective analysis.

- Stephan completely abandoned the theory of liability asserted in its first complaint and replaced it with the entirely new "correspondence" theory in the Amended Complaint, further demonstrating that Stephan knew its previous complaint was bogus and should have never been filed in the first place.

- Stephan initially filed its Amended Complaint out of time, which necessitated a joint motion to this Court in which Stephan conceded the untimeliness of its filing.

- Stephan continues to include Colgate as the principal defendant in the Amended Complaint despite having been informed that Colgate is not a proper party to this action.

It is evident from this repeated pattern of conduct that Stephan is merely throwing mud at the wall to see what will stick. Such deliberately groundless pleadings are exactly what an attorney promises not to file when signing a pleading, certifying upon reasonable investigation that "the factual contentions have evidentiary support," the claims are "warranted by existing law," and the pleading is not being presented for any "improper purpose." Fed. R. Civ. P. 11(b)(1), (2).

Colgate has filed a motion to dismiss showing that, even if Stephan's allegations are credited, the Amended Complaint fails to state a claim for contributory trademark infringement. Putting aside Colgate's legal arguments made in that motion, Stephan's conduct should be sanctioned. The law is clear that the filing of baseless pleadings such as Stephan's Amended Complaint is sanctionable under Rule 11. Stephan has been served with a copy of Colgate's Rule 11 motion and provided with the opportunity to withdraw the offending Amended Complaint, but has failed to do so within the 21-day grace period prescribed by Rule 11(c)(2). Accordingly, the appropriate sanction is an order striking the Amended Complaint with prejudice

and awarding Colgate its attorneys' fees and expenses associated with moving against this frivolous pleading and filing this Motion.

## STATEMENT OF FACTS

The gravamen of the Amended Complaint, like the complaint that preceded it, is that Colgate has contributorily infringed Stephan's rights to the WILDROOT trademark in the United States, which Stephan acquired from Colgate in 1995, and which Stephan uses in connection with its line of hair care products in the United States. (Cmplt. ¶¶ 6, 14, 15.) Colgate, however, retained ownership rights to the WILDROOT trademark in Mexico, where it continues to lawfully sell products bearing the WILDROOT mark. (Cmplt. ¶¶ 16-17.)

Stephan has asserted three claims for trademark infringement (which it also asserted in its prior complaint), and demands permanent injunctive relief, monetary relief, and punitive damages. Stephan's claims are premised on its conclusory allegations that several third parties are purportedly illegally importing legitimate Mexican WILDROOT products into the United States, and that Colgate either knows or should know that this purportedly unlawful importation is occurring. As explained in greater detail in Colgate's first and second motions to dismiss [DE 19 & 28], Stephan's claims are replete with vague, conclusory, and unsupported allegations. We focus here on the most egregious of Stephan's allegations, which concern the supposed basis for Colgate's knowledge that Mexican WILDROOT product was allegedly being diverted into the United States.

<u>Stephan Files An Admittedly Baseless First Complaint</u>

The foundation for Stephan's first complaint filed on July 2, 2010 (which Stephan subsequently acknowledged was meritless) was the allegation that Colgate knew or should have known that third parties were illegally importing Mexican WILDROOT product into the United

3

States based on the quantities of WILDROOT product being sold by Colgate in Mexico. [Ex. A to DE 1 at ¶ 21 (original complaint).] As explained in Colgate's first motion to dismiss [DE 19], that complaint, however, suffered from a marked lack of detail, including, importantly, the absence of any details concerning the purported volume of Colgate's Mexican WILDROOT products that allegedly indicate that such products were being diverted into the U.S.

Notwithstanding the obvious defects in the complaint, in an effort to resolve the matter without further litigation, counsel for Colgate reached out to Stephan's counsel promptly after the complaint was filed to request that Stephan provide evidence that Colgate had contributorily infringed Stephan's rights in the WILDROOT trademark, as well as evidence of the volume of Mexican WILDROOT product that Stephan believed was being illegally imported into the United States. Stephan's counsel agreed to provide the requested evidence but never did, and still has not, presumably because it does not exist.

Having received no response from Stephan, Colgate then expended substantial time and resources in moving to dismiss Stephan's first complaint for failure to state a claim and for failure to name indispensable parties. As set forth in further detail in Colgate's first motion to dismiss, the complaint's formulaic and conclusory labels, which merely "mouthed" the elements of a claim for contributory trademark infringement, were plainly insufficient to state a claim for relief that is "plausible on its face." [DE 19] In its first motion to dismiss, Colgate also made apparent to Stephan that it had sued the wrong Colgate entity, given that Colgate's Mexican affiliate is responsible for the distribution and sale of WILDROOT products in Mexico. [DE 19 & Ex. 1 (August 27, 2010 Declaration of Chris Miller ¶ 2)]

In response to Colgate's first dismissal motion, Stephan chose to do nothing. Stephan simply permitted its opposition deadline to expire without filing any opposing papers. In a

subsequent joint motion to this Court, Stephan acknowledged that Colgate's first motion to dismiss was well-taken and should be granted in full, and that its first complaint was fatally deficient and should be dismissed in its entirety. [DE 25]

Stephan Untimely Files The Amended Complaint

Rather than respond to Colgate's first dismissal motion, Stephan purported to file the Amended Complaint, but the filing was untimely. [DE 23] Just as Stephan failed to oppose Colgate's first motion to dismiss, it also failed to file the purported amendment within the requisite time period, as it was filed more than 21 days after Colgate served its motion to dismiss, and Stephan did not have or even seek Colgate's consent or leave of this Court before that deadline. *See* Fed. R. Civ. P. 15(a)(1)(B)-(a)(2). Stephan's untimely filing necessitated a joint motion to this Court, filed after Colgate brought the untimeliness of the Amended Complaint to Stephan's attention, in which Stephan acknowledged that the amendment was improper, and that the untimely Amended Complaint should be withdrawn. [DE 25] This Court granted Colgate's motion to dismiss the first complaint, without prejudice and with leave for Stephan to re-file the Amended Complaint in compliance with the Federal Rules. [DE 26]

Stephan Adopts An Entirely New – And Equally Baseless – Theory In The Amended Complaint

Having already filed one meritless complaint, Stephan presents an entirely different theory of liability in the Amended Complaint re-filed on October 19, 2010, but one that is just as frivolous. This time around, Stephan advances the newfound position that Colgate supposedly knows or should know that Mexican WILDROOT product is being diverted into the United States because "Colgate was informed of this situation by correspondence dated April 27, 2009." (Cmplt. ¶ 26.) Colgate allegedly "has supplied, and continues to supply" Mexican WILDROOT product to an entity that "Colgate knows or has reason to know is engaging in infringement" of

5

Stephan's WILDROOT trademark "as a result of Stephan's correspondence to it . . . ." (Cmplt. ¶ 27.)

Despite the centrality of the alleged correspondence to Stephan's claims, the Amended Complaint is the *first time* that Stephan has mentioned it, having made no such allegation in its first complaint. At the same time, Stephan removed from the Amended Complaint any allegation that Colgate knew or should have known that direct infringement was occurring based on sales volumes of WILDROOT product in Mexico, replacing it with the newly-minted "correspondence" theory. That is, Stephan completely abandoned the "sales volume" theory set forth in its first complaint, in apparent recognition that the allegation was utterly meritless all along.

Like the complaint that preceded it, the Amended Complaint is riddled with formulaic legal conclusions and marked by a conspicuous lack of detail, premised almost entirely on allegations that are made "upon information and belief." (Cmplt. ¶¶ 20-23.) Glaringly absent are any details concerning the supposedly pivotal "correspondence" that supposedly charged Colgate with knowledge of the alleged third-party direct infringement. There is no information concerning, for example, who supposedly authored the correspondence, to whom at Colgate the supposed correspondence was sent, the means by which it was supposedly transmitted, or the supposed content of this correspondence such that Colgate was put on notice that the unlawful importation was occurring as a result of action taken by Colgate. Thus, even after acknowledging that it had filed one deficient complaint, Stephan has filed another one, which remains utterly lacking in a factual basis for holding Colgate liable for contributory trademark infringement.[1]

---

[1] Colgate will not recite here the obvious defects in the Amended Complaint and respectfully refers the Court to Colgate's second motion to dismiss. [DE 28]

**ARGUMENT**

**I.     RULE 11 SANCTIONS ARE WARRANTED HERE**

Under Rule 11(b), sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001); *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1326 (S.D. Fla. 2007). "A violation of any one of these requirements [in Rule 11(b)] is sufficient to support a motion for sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1312 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(b)-(c)).

Rule 11 imposes an affirmative duty on attorneys to conduct a reasonable inquiry into the factual and legal bases of a claim prior to filing suit. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996); *Bernal*, 479 F. Supp. 2d at 1326 (citing *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987)). Rule 11's reasonableness requirement "requires litigants to 'stop-and-think' before initially making legal or factual contentions." Fed. R. Civ. P. 11 advisory committee's note (1993 amendment). Rule 11 is designed to "deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer*, 606 F.3d at 1311.

A court may properly consider the following factors in determining whether to impose sanctions:  (1) whether the improper conduct was willful, or negligent; (2) whether it was part of a pattern of activity, or an isolated event; (3) whether it infected the entire pleading, or one particular count or defense; (4) what effect it had on the litigation process time and expense; and (5) whether the responsible person is trained in law. Fed. R. Civ. P. 11 advisory committee's note (1993 amendment).

7

These factors weigh heavily in favor of the imposition of sanctions here. Consideration of Stephan's pattern of conduct in this litigation reveals the willfulness of the violation, which has infected all the proceedings in this Court, at great expense to Colgate and burdens on this Court.

### A. Stephan's Claims Lack Evidentiary Support And Are Not Warranted By Existing Law.

An attorney who presents to a court any pleading certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that there is "evidentiary support for any allegations or factual contentions" and that the claims presented "are warranted by existing law." *Footman v. Wang Tat Cheung*, 341 F. Supp. 2d 1218, 1224 (M.D. Fla. 2004); Fed. R. Civ. P. 11(b). In the Eleventh Circuit, in considering the propriety of Rule 11 sanctions, a court must first determine (1) whether the party's claims are objectively frivolous and then, if so, (2) whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether the signatory would have been aware of the frivolousness if a reasonable inquiry had been made. *Peer*, 606 F.3d at 1311; *F&G Research, Inc. v. Google, Inc.*, No. 06-60905-CIV, 2007 U.S. Dist. LEXIS 70072, at *35 (S.D. Fla. Sept. 20, 2007). Significantly, Rule 11 eliminates any "empty-head pure-heart" justification for filing patently frivolous pleadings. Fed. R. Civ. P. 11 advisory committee's note (1993 amendment). Thus, if "the party's attorney failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions even if the attorney had a good faith belief that the claim was sound." *Byrne v. Nezhat*, 261 F.3d 1075, 1105-06 (11th Cir. 2001); *F&G Research*, 2007 U.S. Dist. LEXIS 70072, at *35. The court's inquiry into the reasonableness of counsel's investigation focuses only on the merits of the pleading gleaned from the facts and law known or

available to counsel at the time of filing. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998); *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995).

Stephan's claims are objectively frivolous as a matter of fact and law. In order to assert a claim for contributory trademark infringement, Stephan must allege facts that would show that Colgate either (1) intentionally induced a third party to engage in direct infringement; or (2) continued to supply its product to one whom it knows or has reason to know is engaging in trademark infringement. *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982); *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1271, 1274 (S.D. Fla. 2002) (citing *Inwood*); *see also Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1245 (11th Cir. 2007). As set forth in Colgate's second motion to dismiss [DE 28], a plaintiff cannot simply "aver a formulaic recitation of the elements of a claim." *Moret v. Select Portfolio Servicing, Inc.*, No. 08-61996-CIV, 2009 WL 1288062, at *1 (S.D. Fla. May 6, 2009) (Cooke, J.) (citing *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Rather, a complaint must allege sufficient *facts* "to raise a right to relief above the speculative level." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Yet, as Colgate has explained [DE 19 & 28], Stephan has plainly failed to allege *any facts* to support its claims. Stephan's factual premise for holding Colgate liable for contributory trademark infringement consists of a single sentence: "Colgate was informed of this situation by correspondence dated April 27, 2009." (Cmplt. ¶ 26.) This is all that Stephan says about the alleged correspondence that forms the lynchpin of its Amended Complaint. The glaring absence of even the most basic details concerning the alleged correspondence means that, under any objective analysis, it is impossible for Stephan's claims to succeed as a matter of law. Because

9

Stephan's claims sound in fraud, they also cannot possibly meet the pleadings standards required by Fed. R. Civ. P 9(b).  The Amended Complaint reveals a complete failure on the part of Stephan and its counsel to investigate the factual and legal basis for its claims.

The frivolousness of Stephan's claims is underscored by the fact that Stephan has now *completely changed its story* in the Amended Complaint, discarding its "sales volume" theory and replacing it with the new "correspondence" theory.  If, as Stephan claims, this supposed correspondence was the basis for Colgate's knowledge all along that the alleged unlawful importation was occurring, it is difficult to imagine why Stephan said nothing about it in its first complaint, even though that complaint was filed more than one year after the April 2009 correspondence was supposedly sent.  To say the least, Stephan's startling change on a point so fundamental as the basis for Colgate's knowledge of the unlawful importation casts great doubt on the legitimacy of its claims and whether it undertook any pre-filing investigation whatsoever.

Stephan's deficient allegations are even more troubling when one considers that it filed the Amended Complaint after receipt of Colgate's first motion to dismiss [DE 19], which provided a virtual roadmap of the pleading requirements for its claims.  Had Stephan's counsel reviewed the authorities cited therein, they would have known that its claims are not sustainable under existing law.  *See Byrne*, 261 F.3d at 1115 (affirming sanctions against counsel where legal research would have revealed that the asserted claims "were doomed to failure").

Stephan also persists in naming Colgate as a defendant in the Amended Complaint, despite having been informed that Colgate is not a proper party to this action, further demonstrating Stephan's failure to plead claims with a reasonable factual basis.

"Rule 11 stresses the need for some prefiling inquiry."  *Worldwide Primates*, 87 F.3d at 1254; *Marin v. Alvarez*, No. 08-60821-CIV, 2009 U.S. Dist. LEXIS 124234, at *5 (S.D. Fla.

10

Aug. 4, 2009). Here, it is apparent that Stephan and its counsel did not conduct *any* investigation, much less a reasonable one, to support its claims. The failure of Stephan's counsel to respond to Colgate's request for evidence of Colgate's alleged contributory infringement plainly illustrates that no such evidence exists, and that Stephan and its counsel failed to carry out their pre-filing Rule 11 duties. *See, e.g.*, *Worldwide Primates*, 87 F.3d at 1254 (Rule 11 sanctions warranted where plaintiff and its counsel failed to conduct pre-filing inquiry into the nature of damages and evidence supposedly supporting plaintiff's claims).

While Stephan has prefaced nearly all of its relevant allegations as being made "upon information and belief," this "does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances." Fed. R. Civ. P. 11 advisory committee's note (1993 amendment). That is precisely what Stephan and its counsel have failed to do here, in flagrant disregard of their obligations under Rule 11.

### B. The Amended Complaint Is Part Of A Pattern Of Conduct Designed To Harass Colgate And Needlessly Increase The Cost Of Litigation.

Stephan's pattern of filing frivolous and untimely complaints, refusing to provide any evidence to support its claims, and persisting in suing Colgate notwithstanding the fact that it is not a proper defendant here, shows that Stephan has filed the Amended Complaint for an improper purpose, namely to harass Colgate and unjustifiably increase the cost of this litigation in hopes of procuring a monetary settlement. Accordingly, Rule 11 sanctions are warranted on this basis. *See* Fed. R. Civ. P. 11(b)(1).

### C. Striking The Amended Complaint And Awarding Attorneys' Fees Are Appropriate Sanctions Under Rule 11.

Rule 11 instructs that sanctions should be sufficient to deter the offender from engaging in similar conduct in the future. Fed. R. Civ. P. 11(c)(4). "The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper" and directing

11

payment to the moving party of reasonable attorneys' fees and other expenses incurred as a direct result of the violation. Fed. R. Civ. P. 11(c)(4) and advisory committee's note (1993 amendment).

On November 8, 2010, Colgate provided Stephan with notice, by letter, of its intent to seek Rule 11 sanctions should Stephan refuse to voluntarily withdraw its frivolous claims. In accordance with the Rule 11 notice requirements, Colgate served Stephan's counsel with a copy of this motion for Rule 11 sanctions, at least 21 days prior to filing this motion with the Court. Stephan's counsel has had ample time to consider the frivolous and legally unsupportable nature of the Amended Complaint and to withdraw it, without repercussion. Stephan's counsel has failed to do so, and accordingly, sanctions should be awarded in the form of striking the Amended Complaint, with prejudice, and attorneys' fees and expenses incurred by Colgate in connection with moving against the Amended Complaint and filing this Motion.[2]

## CONCLUSION

For the reasons set forth above, Colgate respectfully requests that the Court issue an order (1) striking, with prejudice, Stephan's Amended Complaint, (2) awarding Colgate its attorneys' fees and expenses associated with moving against the Amended Complaint and filing this Motion, and (3) granting such other and further relief as this Court deems just and proper.

---

[2] On November 29, 2010, after Colgate served this Rule 11 motion, Stephan filed a motion for leave to file a Second Amended Complaint. [DE 30] Colgate filed its opposition to Stephan's motion on December 16, 2010. [DE 33] As discussed in greater detail in Colgate's opposition, Stephan's proposed Second Amended Complaint includes all of the flaws from the Amended Complaint, and will be subject to dismissal for the reasons discussed in Colgate's pending motion to dismiss that Amended Complaint. For example, the Second Amended Complaint includes the same vague allegation regarding the purported April 2009 correspondence that supposedly put Colgate on notice of third-party direct infringement. Accordingly, granting leave to amend would be futile and should be denied. Stephan's attempt to file its Second Amended Complaint does not undercut this motion for sanctions.

12

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so.

Dated:  January 24, 2011

        PROSKAUER ROSE LLP

        By: s/Matthew Triggs
           Matthew Triggs, Esq.
           Florida Bar No. 0865745
           Payal Salsburg, Esq.
           Florida Bar No. 0057038

        2255 Glades Road, Suite 421 Atrium
        Boca Raton, FL 33431
        (561) 241-7400

        Brendan J. O'Rourke, Esq. (*pro hac vice*)
        Adam D. Siegartel, Esq. (*pro hac vice*)
        Gerald W. Sawczyn, Esq. (*pro hac vice*)
        Dolores DiBella, Esq. (*pro hac vice*)
        Eleven Times Square
        New York, New York 10036
        (212) 969-3000

        *Attorneys for Defendant*
        *Colgate-Palmolive Company*

## CERTIFICATE OF SERVICE

      I, Matthew Triggs, an attorney associated with the law firm Proskauer Rose LLP, hereby certify that, (a) on November 8, 2010, I caused a true and correct copy of a Motion For Sanctions Pursuant To Fed. R. Civ. P. 11 And Incorporated Memorandum Of Law to be served via Federal Express and electronic mail upon the counsel for plaintiff, Richard E. Berman, Esq., Berman, Kean & Riguera, P.A., 2101 W. Commercial Blvd., Suite 2800, Fort Lauderdale, FL 33309, and (b) on January 24, 2011, I caused a true and correct copy of Defendant Colgate-Palmolive Company's Motion For Sanctions Pursuant To Fed. R. Civ. P. 11 And Incorporated Memorandum Of Law to be served via ECF upon the counsel for plaintiff, Richard E. Berman, Esq., at the same address.[3]

Dated:  January 24, 2011

                                                                                 s/Matthew Triggs
                                                                                  Matthew Triggs

---

[3] This motion filed and served on January 24, 2011 differs very slightly from the motion served on November 8, 2010. Specifically, (1) docket entry numbers have been inserted into the motion for documents that were filed after November 8, 2010, (2) footnote 2 has been added to describe documents that were filed after November 8, 2010, and (3) the addresses in the signature block at the end of this motion have been revised to reflect changes of address that occurred after November 8, 2010.