### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-CV-61288-COOKE/BANDSTRA

THE STEPHAN CO.,

   Plaintiff,

   v.

COLGATE-PALMOLIVE COMPANY and
ORGANIZACION SAHUAYO, S.A. DE C.V.,

   Defendants.

 :
 :
 :
 :
 :
 :
 :
 :
 :
 :
 :
 :
 :

### DECLARATION OF ADAM D. SIEGARTEL IN SUPPORT OF COLGATE-PALMOLIVE COMPANY'S REPLY IN FURTHER SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

I, Adam D. Siegartel, declare under penalty of perjury as follows:

1. I am an associate at Proskauer Rose LLP, attorneys for Colgate-Palmolive Company ("Colgate") in this proceeding. I am admitted *pro hac vice* in this Court for this matter and submit this declaration in support of Colgate's reply in further support of its motion for sanctions pursuant to Fed. R. Civ. P. 11. This declaration is submitted for the limited purpose of attaching and describing documents that are relevant to Colgate's reply.

2. Attached as Exhibit 1 is a redacted copy of a 2004 settlement agreement between Colgate and plaintiff The Stephan Co. ("Stephan"). Stephan included a redacted copy of this settlement agreement in its opposition papers that Stephan filed on February 10, 2011. The redacted version attached here as Exhibit 1 includes those passages that Stephan previously

disclosed in its February 10 filing, as well as additional provisions, namely, two Whereas clauses and Paragraph 8. The newly-disclosed additional provisions are the following:

- "Whereas, Colgate denies the claims and contentions brought by Stephan in the Action and continues to deny any wrongdoing or any legal liability of any kind arising out of the facts alleged in the Action."

- "Whereas, Stephan and Colgate (collectively the 'Parties') wish to settle and compromise the claims between and among themselves . . . in order to avoid the time, expense, and distraction of protracted litigation."

- "It is understood and agreed that this Settlement Agreement and Release represents a compromise of disputed claims, and is not and shall not be construed as an admission or concession of liability or wrongdoing on the part of any party hereto."[1]

3.     Attached as Exhibit 2 is Stephan's 2003 complaint from the prior litigation with Colgate that culminated with the settlement agreement attached as Exhibit 1. This 2003 complaint includes a breach of contract claim against Colgate based on the parties' 1995 contract in which Stephan purchased the rights to the WILDROOT trademark in the United States (¶¶ 14, 30-31).

4.     Attached as Exhibit 3 is a September 2003 declaration from Dennis Hickey, Colgate's Vice President/Corporate Comptroller at the time of that declaration. This declaration was submitted in support of Colgate's motion to dismiss Stephan's 2003 complaint that is attached as Exhibit 2. In Paragraph 5 of this declaration, Mr. Hickey states, on information and belief, that Stephan had missed one payment to Colgate that was due in July 2003, and that a second payment of more than $1 million was coming due from Stephan to Colgate in January 2004.

5.     Attached as Exhibit 4 are printouts from the website of the Mexican Trademark Office (the "Mexican Institute of Industrial Property"). These printouts indicate that CPIF Venture, Inc., not Colgate-Palmolive Company, is the owner of record of three WILDROOT

---

[1] This settlement agreement includes a confidentiality provision; however, on information and belief, Colgate has complied with that provision such that Colgate's disclosure of this redacted agreement is permissible.

trademark registrations in Mexico (the registrant information is listed under "Datos del titular," which, on information and belief, is translated as "Title holder information"). These printouts are in Spanish because, on information and belief, the Mexican Trademark Office does not provide these printouts in English from its website.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 22, 2011 in New York, New York.

Adam D. Siegartel